UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela Wess, *et al.*,

    **Plaintiffs,**

-v-

    Case No. 2:08-cv-00623
    Judge Michael H. Watson

Robert M. Storey, *Esq., et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiffs in this putative class action assert claims under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq.* In essence, plaintiffs contend that defendants violated the Acts by instituting state court collection actions outside the applicable statute of limitations against plaintiffs and other similarly situated individuals. Defendant Robert M. Storey moves for partial judgment on the pleadings with respect to plaintiffs' OCSPA claim only. (Doc. 10). For the reasons that follow the Court denies Storey's motion.

### I. Facts

The Court accepts as true the well-pleaded facts set forth in the complaint.

Plaintiff Angela Wess resides in Franklin County, Ohio. On October 10, 1998, Wess entered a retail installment sales contract with P.A. Days, Inc. ("P.A. Days") for the purchase of a 1989 Oldsmobile Cutlass. She purchased the car for personal,

family, and household transportation.

Plaintiff Michelle Caldwell also resides in Franklin County, Ohio. On September 16, 1999, Caldwell entered a retail installment sales contract with P.A. Days for the purchase of a 1990 Pontiac Sunbird. She likewise purchased the car for personal, family, and household transportation.

Defendant Central Ohio Credit Corporation's ("COCC") is a registered fictitious name of Ricart Financial Services, Inc., an Ohio Corporation. COCC is affiliated with the central Ohio Ricart car dealerships and P.A. Days. The complaint avers that P.A. Days is now "defunct." COCC was the assignee of all or most of the retail installment contracts that P.A. Days entered into with individuals for the purchase of cars. The retail installment contracts that plaintiffs entered with P.A. Days were assigned to COCC soon after they were signed.

Defendant Robert M. Storey is an attorney who regularly collects consumer debts. The principal purpose of his practice is to collect debts.

On September 13, 2007, Storey, acting on behalf of COCC, filed a civil action in state court against Wess, falsely alleging that Wess owed COCC $3,936. Records filed in the state court action indicated that Wess had defaulted on the agreement sometime before April 1999. Wess' attorney moved to dismiss, arguing the action was filed beyond the four-year statute of limitations for the sale of goods, Ohio Rev. Code § 1302.98. Defendants did not oppose the motion, nor did they voluntarily dismiss the action. On January 16, 2008, the state court dismissed the action as time-barred. COCC did not appeal the decision.

On October 13, 2007, Storey, acting on behalf of COCC, filed a civil action in state court against Caldwell, falsely alleging that Caldwell owed COCC $4,284.92. Records filed in the state court action indicated that Caldwell had defaulted on the agreement sometime before March 2001. Caldwell's attorney moved to dismiss, arguing the action was filed beyond the four-year statute of limitations for the sale of goods, Ohio Rev. Code § 1302.98. Defendants did not oppose the motion, but voluntarily dismissed the action without prejudice.

Plaintiffs aver that defendants filed more than fifty similarly time-barred lawsuits in state court *after* the state court dismissed the action against Wess as untimely.

Plaintiffs assert a claim against Storey under the FDCPA, alleging he engaged in deceptive and unfair collection practices. Plaintiffs also assert a claim under the OCSPA against both Storey and COCC, arguing both defendants committed unfair, deceptive, or unconscionable acts.

## II. Motion for judgment on the pleadings

A motion for judgment on the pleadings is determined under the same standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Recently, the Supreme Court clarified the standard applicable to a motion to dismiss, identifying a two-pronged approach. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

First, the court must look at the pleadings to separate factual assertions from mere legal conclusions because "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Second, the court must determine whether the factual allegations state a plausible ground for relief, meaning the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court further noted that determining plausibility will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In order to cross the line between possible and plausible grounds for relief, a plaintiff must plead facts that are more than "'merely consistent with a defendant's liability." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 557).

### III. Discussion

In essence, the OCSPA prohibits suppliers from committing unfair, deceptive, or unconscionable acts in connection with consumer transactions. Ohio Rev. Code §§ 1345.02, 1345.03.[1] The Act defines "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not he deals directly with the consumer." Ohio Rev. Code § 1345.01 (C). A "consumer transaction" is "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an

---

[1] "No *supplier* shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02 (emphasis added). "No *supplier* shall commit an unconscionable act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.03 (emphasis added).

individual for purposes that are primarily personal, family, or household, or solicitations to supply any of these things." Ohio Rev. Code § 1345.01(A).

Defendant Storey argues that because COCC is not a supplier under the OCSPA, he may not be held liable under the Act for his collection efforts on COCC's behalf. The Court has already held that COCC is not a supplier. (Opinion and Order Sept. 1, 2009 (Doc. 53) (relying on *Jenkins v. Hyundai Motor Financing Co.*, 389 F. Supp. 2d 961, 969-71 (S.D. Ohio 2005); *Dartmouth Plan, Inc. v. Haerr*, No. 8-89-25, 1990 WL 197844, at *2 (Ohio Ct. App. Dec. 4, 1990)).

Plaintiffs contend that Storey is a supplier in his own right under the OCSPA regardless of COCC's status. Plaintiffs point out that this Court has deemed debt collection attorneys to be suppliers in several cases. *See, e.g., Lee v. Javitch, Block & Rathbone, LLP*, 484 F. Supp. 2d 816, 821 (S.D. Ohio 2007); *Williams v. Javitch, Block & Rathbone, LLP*, 480 F. Supp. 2d 1016, 1024 (S.D. Ohio 2007); *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 809 (S.D. Ohio 2006). *See also Celebrezze v. United Research, Inc.*, 19 Ohio App. 3d 49, 51 (1985).

Storey argues that, unlike the instant case, the defendants in the cases that plaintiffs cite were attempting to collect debt on behalf of suppliers. Storey is correct. In both *Lee* and *Williams* the defendant law firm had represented assignee collection agencies that were suppliers under Ohio law. *Foster* involved an attorney who provided debt collection services for medical service providers that were suppliers under the OCSPA. In *United Research*, the defendant was an assignee debt collection agency.

Nevertheless, although the above cases are distinguishable, they do not establish a rule that when a debt collector is acting on behalf of a party that is not a

supplier, the debt collector is likewise not a supplier for purposes of the OCSPA. In this regard, Storey relies on *Lamb v. Javitch, Block & Rathbone, LLP*, No. 1:04-CV-520, 2005 WL 4137786 (S.D. Ohio Jan. 24, 2005).

In *Lamb*, the plaintiff argued the defendant debt collection law firm violated the FDCPA and the OCSPA in connection with a state court action by issuing a misleading summons and by failing to attach the written arbitration agreement to its application to confirm and enforce the arbitration award. The Court in *Lamb* dismissed the plaintiff's OCSPA claim against the defendant law firm, explaining:

> Plaintiff Lamb also alleges that JB & R's conduct violates the Ohio Consumer Sales Practices Act. The Court has concluded that this statute does not apply to Plaintiffs' claims against the defendants Wolpoff & Abramson, L.L.P. The Court reaches the same conclusion with respect to JB & R.
>
> R.C. § 1345.01(A) states that a "consumer transaction" does not include transactions between persons defined in R.C. § 5725.01, primarily financial institutions, and their customers. R.C. § 1345.01(C) defines a "supplier" as a person engaged in the business of "effecting or soliciting consumer transactions." R.C. § 1345.02(A) forbids a supplier's unfair or deceptive acts "in connection with a consumer transaction." While debt collectors are not immune from claims under the OCSPA, the statute requires that they be acting in connection with a defined "consumer transaction." See, e.g., *Broadnax v. Greene Credit Service*, 118 Ohio App.3d 881, 892-93, 694 N.E.2d 167 (Ohio App.1997) [attempt to collect a debt that is covered by the OCSPA is also covered by the statute].
>
> In *Lewis v. ACB Business Services*, 135 F.3d 389, 412 (6th Cir.1998), the Sixth Circuit held that a credit card issuer was covered by R.C. § 5725.01, and therefore was not subject to the OCSPA. The same conclusion applies here. Because the transaction between Plaintiff and MBNA is not subject to the Ohio Consumer Sales Practices Act, the Court finds that Plaintiff Lamb has failed to state a claim against JB & R under that statute.

No. 1:04-CV-520, 2005 WL 4137786, at *4. In a later decision, the same Judge indicated that the core holding of *Lamb* was that a bank and its debt collector attorneys

are exempt from the OCSPA. *Lee*, 484 F. Supp. 2d at 821 (opinion by Beckwith, then Chief Judge, who also decided *Lamb*). *See also Lee v. Javitch, Block & Rathbone, LLP*, 522 F. Supp. 2d 945, 956 (S.D. Ohio 2007) (stating in dicta that an OCSPA claim would not lie against law firm if it had represented a bank rather than the bank's assignee). Another branch of this Court has followed *Lamb*, stating:

> Plaintiff concedes that Direct Merchants is a financial institution, but argues that Defendant can nevertheless be held liable under the OCSPA as a "supplier." The Court disagrees. It is true that debt collectors may, in some instances, be liable as "suppliers" for violations of the OCSPA. However, unless the collection action is associated with an underlying "consumer transaction," there can be no violation of the OCSPA.

*Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 869 (S.D. Ohio 2005) (citing *Lamb*, No. 1:04-CV-520, 2005 WL 4137786, at *4). Nonetheless, other Judges in this Court have adopted the position that a debt collector attorney is *per se* a supplier, regardless of the status of the underlying debt. *Midland Funding, LLC*, ---- F. Supp. 2d ----, No. 3:08-cv-1434, 2009 WL 2437243, at *15 (S.D. Ohio Aug. 11, 2009); *Foster*, 463 F. Supp. 2d at 809. Hence, there is an apparent split of authority within this District.

The Court need not resolve this apparent split, however, because the instant case does not fall within the rule set forth in *Lamb*. The Court in *Lamb* did not reach its conclusion on the basis that MBNA was not a supplier. Rather, the Court found that the defendant firm could not be held liable under the OCSPA because the *underlying debt* was excluded from the definition of consumer transaction under Ohio Rev. Code § 1345.01(A). In contrast, in the instant case, it is clear that the original retail installment contracts were consumer transactions within the meaning of the OCSPA.

Storey has not provided any other authority for the proposition that he cannot be deemed a supplier because COCC is not a supplier. Since the underlying retail installment contract was a consumer transaction, the Court holds that Storey may be held liable as a supplier under the OCSPA. Accordingly, the Court denies Storey's motion for partial judgment on the pleadings.

## IV. Disposition

Based on the above, the Court **DENIES** Storey's motion for partial judgment on the pleadings. (Doc. 10).

The Clerk shall remove Doc. 10 from the Court's CJRA motions report.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**